## CURIEL *v.* BEARD, Collector.

*(Circuit Court, D. Massachusetts. December 26, 1890.)*

1. CUSTOMS DUTIES—CONSTRUCTION OF LAWS—AMER PICON.

The preparation known as "Amer Picon," which is prepared by Picon & Co. according to a private formula used by them, which contains from 30 to 40 per cent. of alcohol, and which is advertised as a specific against malaria, and also as a tonic, is dutiable under act Cong. March 3, 1883, Schedule H, as "bitters containing spirits," and not under Schedule A of said act, as a "proprietary preparation," though it is not used as an intoxicating beverage.

2. SAME—BOTTLES.

The glass bottles containing "Amer Picon" are dutiable under said Schedule H as bottles containing spirituous liquors.

At Law.

This was an action at law by Herman A. Curiel against Alanson W. Beard, collector of customs for the port of Boston, and was heard by the court without a jury. The facts in the case were agreed to be as follows:

"That plaintiff, on September 30, 1889, imported into the port of Boston from Rouen, France, the preparation known as 'Amer Picon,' and entered it for warehouse at 50 per cent. *ad valorem*, under the clause in Schedule A of the act of March 3, 1883, providing for 'proprietary preparations;' that the collector classified said merchandise as 'bitters containing spirits,' at two dollars a gallon, under the clause in Schedule H of said act, providing for 'cordials, liquors, arrack, absinthe, kirschwasser, ratafia, and other similar spirituous beverages or bitters containing spirits;' that due protest and appeal were made, and that the secretary of the treasury decided that said merchandise was duly assessed with duty at two dollars a gallon, and affirmed the decision of the collector; that thereupon plaintiff withdrew from warehouse part of said merchandise for consumption, paid duties thereon at the rate of two dollars a gallon, and duly brought suit to recover the excess of duties paid by him; that said 'Amer Picon' is prepared by Picon & Co., Rouen, France, and recommended by them to the public as a remedy or specific against malaria or fever affecting the human body; that it is prepared by them as manufacturing chemists, according to a private formula owned by them, and put up in glass bottles in which is blown the words 'Amer Picon,' Phillipsville; that on each

bottle is a printed label; that said 'Amer Picon' was advertised as a remedy against said diseases in the American Medical Association Annual and in the Medical Record, which are medical publications, and also in the New York World, New York Times, and New York Herald of September 1, 1889; that plaintiff is the agent of said Picon & Co., and that said 'Amer Picon' is sold by the importer to druggists and apothecaries only; that the articles named in Schedule H, as above, are usually sold in bar-rooms; that the definition given to these articles in the standard dictionaries may be taken as the true definition, and that, so far as known, 'Amer Picon'. is not sold in bar-rooms as a beverage or otherwise, and that said 'Amer Picon' contains between 30 and 40 per cent. of alcohol; that a duty of three cents a bottle was exacted by defendant on the bottles containing said 'Amer Picon' under said Schedule H, providing for a duty on bottles containing wines, brandy, and other spirituous liquors."

The sections of the statute which are here under consideration will be found in 22 St. at Large, pp. 494, 505.

*J. H. Robinson*, for plaintiff.

The name "Amer Picon" literally signifies "Picon's Bitters;" Picon & Co. being the manufacturers.

(1) The article in question is a "proprietary preparation," within the meaning of the law, being prepared according to a private formula owned by the manufacturers, and being recommended and used as a remedy against disease. *Ferguson* v. *Arthur*, 117 U. S. 482, 6 Sup. Ct. Rep. 861.

(2) The article in question is not included under the words "similar spirituous beverages or bitters, containing spirits." It is not provided for by name under this paragraph, and the articles which are named are spirituous beverages only, and sold as such in bar-rooms, by liquor-dealers, for their intoxicant effects alone, and the composition of them is well known. The article here in question is therefore not "similar" to those which are in this paragraph specified by name. *Greenleaf* v. *Goodrich*, 101 U. S. 278; *Schmieder* v. *Barney*, 113 U. S. 645, 5 Sup. Ct. Rep. 624.

(3) The article in question is specifically enumerated and provided for in Schedule A as a "proprietary preparation," and is therefore within the exception in the paragraph of Schedule H. *Hartranft* v. *Langfeld*, 125 U. S. 128, 8 Sup. Ct. Rep. 732.

(4) Since the article in question should be classified as a "proprietary preparation," it follows that the bottles are not dutiable under Schedule H. The protest is sufficient to support this action so far as it relates to the bottles, because it claims that the substance contained in the bottles is dutiable only under Schedule A; and the collector was therefore well notified of the grounds of the claim that the inclosing bottles were not dutiable as containing wines, brandy, or other spirituous liquors. *Swanston* v. *Morton*, 1 Curt. 294; *Burgess* v. *Converse*, 2 Curt. 216, 18 How. 413; *Steegman* v. *Maxwell*, 3 Blatchf. 367; *Arthur* v. *Morgan*, 112 U. S. 501, 5 Sup. Ct. Rep. 241.

*T. H. Talbot*, Asst. Dist. Atty., for defendant.

(1) The protest as to the assessment and payment of the duty on the bottles is not sufficient to enable the plaintiff to recover in this action. The protest should set forth distinctly and specifically the grounds of the objection. Rev. St. § 2931. In this case the plaintiff has merely protested against the decision assessing duty at three cents a bottle, without stating any grounds of his objection. *Curtis* v. *Fiedler*, 2 Black, 461; *Swanston* v. *Morton*, 1 Curt. 294; *Thomson* v. *Maxwell*, 2 Blatchf. 385; *Chung Yune* v. *Kelly*, 14 Fed. Rep. 639.

(2) The article in question is properly dutiable as "bitters containing spirits." The proper name of the preparation is, in English, "Picon Bitters." This brings it in terms within the provisions of Schedule H.

(3) Assuming that the article in question is also included within the terms of the section relating to "proprietary preparations," it is still properly dutiable under Schedule H, according to the provision that, "if two or more rates of duty should be applicable to any imported article, it shall be classified for duty under the highest of such rates." 22 St. at Large, p. 491, § 2499.

CARPENTER, J. I think this case ought to be decided by reference to the composition and use of the liquid substance which is contained in these bottles. The plaintiff claims that such substances as are included under the name "proprietary preparations" have use as medicines distinctively, and that such as are included under the paragraph beginning "cordials, liquors, arrack," etc., have use as intoxicating beverages. I think, however, that the last-named substances, while used as intoxicating liquors, have also a use as tonics, not in the sense in which that word is commonly used, but in the sense in which it is discriminatively used in describing the operations of various substances upon the functions of the human body. That tonic effect undoubtedly is an effect distinctly different, physiologically, from the intoxicating effect. It therefore follows that the fact that this substance is not used as an intoxicating beverage, which I infer from the fact that it is not sold in bar-rooms, is not conclusive upon the question whether it be or be not a tonic. But the composition of the substance, as well as the representations of the makers of the substance, seem to me to be conclusive upon that question. With great accuracy in their advertisements and on their labels, they describe the uses of this substance, and they describe it, in the first place, to be a preservative against fevers, and, in the second place, as having "tonic properties," and as being an "excellent restorative." Substances having such qualities do not come within the description of remedies for disease, and I therefore find this substance in question to be under the definition of that schedule of the act under which the collector has decided it to be dutiable.

Plaintiff's counsel contends with much acuteness that the clause relating to proprietary preparations contains a specific enumeration as compared with the clause under which I find this substance to be dutiable. The words "generic" and "specific" are relative words. The name which is said, by comparison with some other name, to be "specific," is so said because the definition given of the name alleged to be specific limits the subject under consideration more or further than the definition which is assigned to that name which is called "generic." In this case I see no substantial difference in extent and breadth of specification between these two sections. The two names given are, in substance, "proprietary remedies" on one hand, and "spirituous beverages" or "bitters" on the other, and they seem to me to be, for practical purposes, equally general.

On the question of the tax assessed upon the bottles, I am convinced by the argument of the learned counsel that the protest is sufficient to authorize a recovery if such an error had been made as he claims to ex-

ist. The substance, however, being dutiable in manner as I have decided, it follows, I think, that the bottles are dutiable as containing "spirituous liquors," according to the provisions of Schedule H of the tariff act.

Judgment for the defendant.