(C. D. 253)

## EDW. & JOHN BURKE, LTD. v. UNITED STATES

United States Customs Court, Third Division

(Decided November 29, 1939)

*Benjamin A. Levett* (*Meyer Ohlbaum* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges; Cline, J., not participating

Evans, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been paid in excess of the amount lawfully due upon an importation of Amer Picon imported at the port of New York. Plaintiff's claim, so far as it was pressed, is in the following language:

We hereby protest against your liquidation and assessment of duty at the rate of $5.00 per gallon or other rate or rates on certain Amer. Picon, liqueurs, cordials, or spirits more particularly described on entry and invoices by marks and numbers, imported by us in the vessel and on the date named below, on the ground that said merchandise is elsewhere more aptly and specifically provided for than as assessed. We claim that the goods in question are properly dutiable at the rate of $2.50 per proof gallon as a cordial or liqueur, under Par. 802 of the Act of June 17, 1930, as amended by the Act of June 12, 1934 (48 Stat. 943), by virtue of Article II and Schedule IV of the Trade Agreement with France concluded on May 6, 1936 and made effective June 15, 1936 by proclamation of the President, dated May 16, 1936 (T. D. 48316).

*     *     *     *     *     *     *

Duty was assessed under the provisions of paragraph 802 of the Tariff Act of 1930, which may be designated the distilled spirits paragraph, and provides, among other things, for:

Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value and not specially provided for, $5 per proof gallon.

Pursuant to the provisions of section 350 (a) (2) of the Tariff Act of 1930, as amended by the joint resolution approved March 1, 1937, the President entered into a trade agreement with the Republic of France which provided, among other things, for an amendment of paragraph 802, *supra*, making "cordials, liqueurs, kirschwasser, and ratafia" dutiable at $2.50 per proof gallon. The said trade agreement makes no deduction in the rate on bitters. The object of the present protest is to procure the classification of the merchandise involved as liqueurs so as to obtain the benefit of the trade agreement rate.

It may be pertinent to state that prior to this trade agreement act, Amer Picon had been classified as bitters following several decisions of this court and the United States Circuit Court of Appeals. See *Curiel* v. *Beard*, 44 Fed. 551, and T. D. 27063.

When the merchandise was before the collector of customs for classification, he called upon the United States Customs Laboratory for an analysis and requested a statement as to whether it was a "cordial, liqueur or bitters," and the percentage of sugar and of alcohol. The chemist stated that the sample is—

*   *   *   a bitters containing 39.5% alcohol and 2.7% cane sugar,

with reference to one importation, and with reference to the other he stated:

The sample is a bitters containing 38.0% absolute ethyl alcohol by volume and 2.86% sucrose.

On the basis of this report the merchandise was liquidated at the rate of duty of $5 per gallon under the provision for bitters in paragraph 802, *supra.*

The cause is now submitted on a stipulation which reads as follows:

It it hereby stipulated and agreed by and between the attorney for the plaintiff and the Assistant Attorney General, attorney for the defendant, as follows:

1. That the merchandise described on the invoices covered by the above numbered protest as Amer Picon was assessed with duty by the Collector of Customs at the rate of $5 per proof gallon under Paragraph 802 of the Tariff Act of 1930.

2. That said merchandise was imported from France or withdrawn from warehouse after the effective date of the Trade Agreement concluded between the United States of America and the French Republic (T. D. 48316).

3. That the exhibit marked "Exhibit No. 1", protest No. 977882–G may be received in evidence as representative of said merchandise.

4. That said merchandise is identical in character with the Amer Picon subject of the letter dated Sep. 29, 1938, a copy of which is attached hereto marked "Exhibit No. 2, Protest No. 977882–G," may be received in evidence and wherein the Department ruled that it appears that the product conforms to this Administration's definition for a "liqueur".

5. That the merchandise in question contains not less than 2½% of sugar.

6. That the label on said Exhibit No. 1 has been approved by the Collector of Customs at the Port of New York and complies in all particulars with the rulings of the Federal Alcohol Administration Board appertaining to the labeling of spirituous beverages and the definitions of "liqueur" as described by said Federal Alcohol Administration Board.

7. That the protest is limited to the merchandise described on the invoice as Amer Picon and is abandoned as to all other merchandise.

8. The amendment of this protest is hereby waived and the protest is submitted upon this stipulation.

\* \* \* \* \* \* \*

(EXHIBIT NO. 2. PRO. NO. 977882–G.)

TREASURY DEPARTMENT
FEDERAL ALCOHOL ADMINISTRATION DIVISION
WASHINGTON

E. & J. Burke, Ltd.,                                                    Sep. 29, 1938
Long Island City,
New York, N. Y.

Gentlemen:

The receipt is acknowledged of your letter of Sept. 27, 1938, relative to the product designated "Amer Picon" Liqueur and a sample of the distilled spirits which was previously submitted for examination.

From the information furnished by your company relative to the method of manufacture of the product and the ingredients used in such manufacture and

an examination of the sample of "Amer Picon" Liqueur, it appears that the product conforms to this Administration's definition for a "liqueur".

The Collector of Customs at New York has been informed relative to the decision of this Administration.

Very truly yours,
(Sgd.)   W. S. ALEXANDER,
*Administrator.*

The importer filed a brief but the Government declined to submit one.  The importer's brief states:

The assessment of the article as "bitters" was unquestionably made on the basis of the chemist's report in evidence in which he states that "The sample is a bitters."

The only comment here needed is that the chemist's statement that the sample is a "bitters" is a mere expression of opinion on the very issue before this court for decision and should carry no weight as a statement of fact.

We call attention to the terms of the stipulation submitted wherein it is apparent that both parties expect this court to give some weight to the opinion of Mr. W. S. Alexander, Administrator of the Federal Alcohol Administration Division.   He states that:

From the information furnished by your company relative to the method of manufacture of the product and the ingredients used in such manufacture, and an examination of the sample of "Amer Picon" Liqueur   *   *   *,

it is his opinion that the merchandise is a "liqueur."   We assume that the point of that statement is that Mr. Alexander is giving his opinion of what the commodity is considered to be, for the purpose of collecting internal revenue taxes and not that he assumed to say how the customs officials should classify it for tariff purposes.

Counsel appear to give weight to the fact that the label has been approved by the collector as constituting some evidence to support the claim that the commodity is a liqueur.   We have examined the Standard French Dictionary and note that "Amer" means "bitters" in French, so that the label carries, it seems to us, equal evidence that the commodity is bitters, or at the most, perhaps, we should say it constitutes no evidence as to whether the contents consist of bitters or a liqueur.

We are assuming and accepting this stipulation in the belief that the defendant is acknowledging that an error in classification was made, although why it did not frankly so state in a stipulation which would then have been free from the objectionable features apparent in the one submitted, we do not know.   On that assumption we sustain the claim of the plaintiff that the merchandise here involved is properly dutiable at $2.50 per proof gallon under paragraph 802, *supra*, by virtue of the trade agreement between the United States and the Republic of France (T. D. 48316).

Judgment will be rendered accordingly.   It is so ordered.