## REPUBLIC CASUALTY CO. et al. v. SCANDINAVIAN–AMERICAN BANK et al.

(District Court, W. D. Washington, N. D. October 28, 1924.)

No. 292.

**Banks and banking ⬤⟹15—Bond securing deposit of bankrupt estates held "security for specific fund," within bank deposit guaranty statute; "specific;" "generic."**

Undertaking conditioned that bank designated as depository for bankrupt estates shall account for such funds *held* specific security, making deposit ineligible to participate in guaranty fund, under Laws Wash. 1917, p. 308, § 1 (Rem. Comp. Stat. 1922, § 3293); words "specific" and "generic" being relative, "generic" having reference to class of related things, and "specific" being limited to particular, definite, or precise thing.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Generic; First and Second Series, Specific.]

In Equity. Suit by the Republic Casualty Company, and another against the Scandinavian-American Bank and another. Decree for defendants.

See, also, 2 F.(2d) 111.

This case was before the court on motion to dismiss, decision filed May 20, 1922. The issue tendered by the complaint was there fully stated. To the issue tendered the defendants answer and admit insolvency of defendant bank; diversity of citizenship, payment of the sums by plaintiff as stated; making proof of claim; allowance and issuance of warrants, and then allege inadvertence and error in allowance of claim and issuance of warrants, and pray judgment against the plaintiff and dismissal of the action.

Roberts & Skeel and J. J. Geary, all of Seattle, Wash., for plaintiff Republic Casualty Co.

Karr & Gregory and H. G. Sutton, all of Seattle, Wash., for plaintiff Fidelity & Casualty Co.

W. V. Tanner and John P. Garvin, both of Seattle, Wash., for defendants.

NETERER, District Judge. Section 1, c. 81, Laws of 1917 of Washington (section 3293, Rem. Comp. Stat. 1922), provides, among other things: " * * * The terms 'deposits eligible to guaranty,' * * * and 'guaranteed deposits,' * * * shall be held and construed to mean money deposited, in a bank, subject to check or other form of withdrawal, and not specifically secured." The issue is: Was the deposit covered by plaintiffs' bonds specifically secured?

The Supreme Court of Washington, in State ex rel. Lewis v. Duke, 120 Wash. 13, at page 16, 206 P. 918, 920, says: "It is plain * * * that under the act the creditors of the bank, other than those specified as guaranteed depositors in section 1, p. 308 (Rem. Comp. Stat. § 3293), do not participate in the guaranty fund."

This deposit was clearly within section 3293, supra, and was specifically secured by the bonds of the plaintiff. The undertaking entered into is that the bank "shall faithfully and truly account for all bankruptcy funds now on deposit or hereafter deposited with it." The bond is without question specific security for a specific fund. The words "specific" and "generic" are relative. Curiel v. Beard (C. C.) 44 F. 551. The term "generic" has reference to a class of related things. Continental Ins. Co. v. Continental Fire Ins. Co. (C. C.) 96 F. 846. While the term "specific" is limited to a particular, definite, or precise thing. Peters v. Banta, 120 Ind. 416, 22 N. E. 95, 23 N. E. 84.

There is no question of uncertainty or confusion as to the fund or the security. The prayer of defendants is granted.