LEO J. LADENBURGER, APPELLANT, v. PLATTE VALLEY BANK OF NORTH BEND, A CORPORATION, APPELLEE.

141 N. W. 2d 766

Filed April 15, 1966. No. 36115.

Sidner, Gunderson, Svoboda & Schilke, for appellant.

Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

Defendant bank applied a general deposit in a checking account against the depositor's indebtedness to it. Subsequently a check drawn against the deposit and payable to plaintiff was dishonored by nonpayment. The district court sustained a general demurrer of the bank to plaintiff's petition for restitution. From the resultant order of dismissal plaintiff has appealed.

Plaintiff theorizes that the bank owes him a duty to make restitution, and he builds his theory on a series of events which commenced with a sale governed by the Uniform Sales Act. See Ch. 69, art. 4, R. R. S. 1943, repealed by Laws 1963, c. 544, § 10-102, p. 1943, effective September 1, 1965. The nature of the sale is the critical issue.

Plaintiff sold fat cattle to Garret W. Waters on January 11, 1963, pursuant to an agreement that payment of the price was to await computation of the amount. Waters delivered range cattle in part payment. On February 4, 1963, plaintiff received a check drawn by Waters in the sum of $3,129, which represented the balance of the price. In the petition those transactions are glossed with the following allegations:

"At the time of the sale plaintiff was not paid for the reason that time was needed to compute the amount due * * *. There was no intent by plaintiff to extend credit to * * * Waters and no intent or desire by * * * Waters that he be given credit. The transaction was a cash sale."

Prior to February 4, 1963, Waters sold the fat cattle and deposited the proceeds with the bank. The bank applied $3,129 of that deposit against an indebtedness of Waters to it. The setoff caused dishonor by nonpayment on February 7, 1963, of the check payable to plaintiff.

The allegations of specific fact resist a reasonable inference concerning possession or delivery of the fat cattle. The 24-day period between the sale and the receipt of Waters' check shuts out a reasonable conclu-

sion that plaintiff delivered the cattle for examination or for determination of weight during all that time.

The gloss of a cash sale does not supply the omission. In such a case the seller retains title and right of possession until he is paid; however, a conditional delivery may be inferred from the seller's acceptance of a worthless check. See, Allen Dudley & Co. v. First Nat. Bank, 122 Neb. 443, 240 N. W. 522; 2 Williston, Sales (Rev. Ed.), § 341, p. 325. Of course acceptance does not conclusively imply a simultaneous transfer of possession to the buyer. Aside from the check cases, several situations indicate substantial defects in plaintiff's petition.

"* * * the real question is, Does the seller assent to the transfer of the property?—and in order to answer this question the original bargain and what is subsequently done must both be considered. If the original bargain was for a cash sale, in the technical sense of those words, that must mean that the buyer was to have neither the title nor the use and enjoyment of the goods until the price was paid. If the buyer was to have not only possession but the use and enjoyment of the goods, though not the title, before payment of the price, the transaction would be a conditional sale, not a cash sale. Accordingly, if after bargaining for a cash sale the seller subsequently, voluntarily, delivers to the buyer the goods with the intent that the buyer may immediately use them as his own, and without insisting upon contemporaneous payment, this action is inconsistent with the original bargain." 2 Williston, Sales (Rev. Ed.), § 346, pp. 340-341.

"If the goods are delivered without any permission, express or implied, to the buyer to deal with them as his own until the price is paid, the condition that payment shall be simultaneous with the transfer of title is not waived; but if the seller on delivering the goods does so without restriction, so that the buyer is violating the terms of no bargain if he uses the goods as his own, it is a conclusion of law that if the transaction was

originally a cash sale, the condition has been waived. At most, the bargain becomes what has been commonly called a conditional sale; but the natural inference is that the transaction is not even a conditional sale. A delivery to the buyer with authority to use the goods immediately should be conclusive evidence of transfer of the property in the absence of clear evidence showing an intention to reserve the title. * * * Even though a delivery to the buyer is not a waiver of a cash sale, because the delivery was for some purpose other than to transfer the property, the seller may lose his right to insist on the condition by a failure to reclaim the goods for an unusual time. Such failure shows an assent to the permanent retention by the buyer of goods originally delivered to him for a temporary purpose only." 2 Williston, Sales (Rev. Ed.), § 346b, pp. 345-346.

The law of restitution "deals with situations in which one person is accountable to another on the ground that otherwise he would unjustly benefit or the other would unjustly suffer loss." Restatement, Restitution, p. 1. See, also, Carey v. Humphries, 171 Neb. 578, 107 N. W. 2d 20. If plaintiff suffered no unjust loss, the bank reaped no unjust benefit. A legal conclusion that Waters wrongfully sold the fat cattle is impermissible. Plaintiff's petition does not state facts sufficient to constitute a cause of action.

The judgment is affirmed.

AFFIRMED.

WHITE, C. J., not participating.