JACK L. BUSH, APPELLEE, V. MARY ANNE WHITTAKER
KRAMER, APPELLANT.

173 N. W. 2d 367

Filed December 19, 1969. No. 37253.

Spittler & O'Kief, for appellant.

Michael V. Smith and John C. Coupland, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action to recover the fair and reasonable value of pasturage which the plaintiff claims was furnished to the defendant and William H. Whittaker, her late husband. A jury was waived and the action tried

(1)

to the court. The trial court found that the plaintiff should recover judgment in the amount of $2,984.40 together with interest and costs. The defendant's motion for new trial was overruled and she has appealed.

The evidence shows that the plaintiff and Whittaker entered into a written agreement on October 18, 1965, for the pasturing of cattle upon the plaintiff's land. Whittaker agreed to deliver between 400 and 600 yearling steers to the plaintiff between March 15 and May 1, 1966. The plaintiff agreed to keep the cattle until called for and furnish all labor except trucking labor, salt, water, and fly rubs necessary for the sum of $3 per month per animal.

The plaintiff testified that the defendant was present during one or two of the conversations between the plaintiff and Whittaker that led up to the execution of the written contract and that she took an active part in the conversations.

On March 11, 1966, the defendant negotiated a loan from the First National Bank of Valentine, Nebraska, for the purchase of cattle. The cattle which were pastured on the plaintiff's land were purchased by Whittaker in Wyoming on March 31, 1966. The cattle were paid for with a check drawn on a joint bank account in the First National Bank of Valentine, Nebraska, owned by the defendant and Whittaker. On the same day the defendant signed a financing statement and security agreement to the Valentine bank.

The cattle which were delivered to the plaintiff for pasturing were branded with a brand owned by the defendant and her husband. Ownership of the brand is prima facie evidence of ownership of the animal. § 54-109, R. R. S. 1943.

On the day the cattle were delivered to the plaintiff's pasture, Whittaker delivered a check to the plaintiff in the amount of $1,800 drawn on the Valentine bank and signed by the defendant. In October Whittaker delivered a similar check in the amount of $2,772.

The cattle were sold during October 1966, and the bank loan was paid off.

Whittaker died on March 11, 1967. This action was filed November 17, 1967.

The plaintiff's theory of the case is that the defendant and her husband were engaged in a joint venture. The defendant testified that she had no agreement with her husband concerning the purchase or ownership of the cattle; that she and her husband did not at any time agree to be partners with regard to the cattle; and that she had loaned some of her separate funds to her husband which were to be repaid when the cattle were sold.

We find it unnecessary to determine whether the evidence is sufficient to support the judgment upon the theory of a joint venture because it is sufficient to support the judgment on the theory of quasi contract.

Where services are furnished by one party to another, and knowingly accepted by him, the law implies a promise on his part to pay the reasonable value of the services. Comstock v. Evans, 159 Neb. 739, 68 N. W. 2d 351. A quasi contract is a contract implied in law and usually has its origin in the principle that a person shall not be allowed to enrich himself unjustly at the expense of another. 17 C. J. S., Contracts, § 6, p. 566. Where benefits have been received and retained under such circumstances that it would be inequitable and unconscionable to permit the party receiving the benefits to avoid payment therefor, the law requires the party receiving and retaining the benefits to pay the reasonable value of them.

Under the defendant's theory of the case, the plaintiff was entitled to a lien for the feed and care furnished to the cattle. § 54-201, R. R. S. 1943. As between the plaintiff and the defendant, the plaintiff should have a better right to the proceeds from the sale of the cattle for the payment of the balance due for pasturage.

The evidence in this case shows substantial participa-

tion by the defendant in the cattle transaction. The bank loan for the purchase and maintenance of the cattle was negotiated by the defendant and secured by a security agreement executed by her. The cattle were paid for with funds from the joint bank account and were branded with a brand which was jointly owned. When the cattle were sold, the proceeds of the sale were used to pay off the bank loan, resulting in a direct benefit to her. Under these circumstances, the defendant should be required to pay the balance due the plaintiff for the reasonable value of the pasturage furnished.

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, C. J., dissenting.