PAWNEE PLASTICS, INC.,
A KANSAS CORPORATION, APPELLANT, V.
AMERICAN SAVINGS COMPANY,
A NEBRASKA CORPORATION, APPELLEE.

313 N.W.2d 262

Filed December 11, 1981. No. 43579.

Thomas Blount of Garber & Batt for appellant.

James B. Cavanagh of Erickson, Sederstrom, Leigh, Eisenstatt, Johnson, Kinnamon, Koukol & Fortune, P.C., for appellee.

Heard before BOSLAUGH, MCCOWN, and CLINTON, JJ., and SPENCER, Retired Justice, and BLUE, District Judge.

BLUE, District Judge.

The plaintiff, Pawnee Plastics, Inc., filed an action against the defendant, American Savings Company, based on an alleged guarantee of payment for material supplied by plaintiff to Whitewater Marine Products, Inc. This alleged guarantee appeared in a letter from Wm. C. Ramsey, president of defendant company, which is as follows:

"February 19, 1975

Mr. Larry R. Nelson, Treasurer
Pawnee Plastics, Inc.
1444 South Tyler Road
Wichita, Kansas 67209

Dear Mr. Nelson:

This will confirm our telephone conversation of the past few days in which we advised you that American Savings Company will guarantee payment of your invoices to Whitewater Marine Products, Inc. as they come due.

We would like to limit our guarantee to payment of specific invoices issued; following shipment of material ordered on specific purchase orders of Whitewater Marine Products, Inc.

I believe the particular purchase order with which you are concerned at the moment is Whitewater Purchase Order #5022 dated January 29, 1975 which is included in the guarantee.

Very truly yours,
/s/ W. C. Ramsey
Wm. C. Ramsey
President

WCR:kw"

At the time the letter was written, Whitewater Marine Products, Inc., was a wholly-owned subsidiary of American Savings Company and Ramsey was presi-

dent of both of these corporations.

The trial court found that the language of the letter was ambiguous and allowed parol evidence to be introduced explaining the provisions of this instrument.

In a trial in which a jury was waived, the court determined that the guarantee only applied to payment of those invoices that were specifically approved by defendant. The court found that the specific invoices for material involved herein were not approved as required and entered a judgment for defendant. The motion for new trial was overruled and plaintiff appeals.

The threshold question is whether the terms of the letter which is relied upon by plaintiff are ambiguous or not, as a written instrument is only open to construction if it is ambiguous or, in a proper case, if there is fraud or mistake. *Olds v. Jamison*, 195 Neb. 388, 238 N.W.2d 459 (1976).

A provision of a contract is ambiguous when, considered with other pertinent provisions as a whole, it is capable of being understood in more senses than one. *Frank McGill, Inc. v. Nucor Corp.*, 195 Neb. 448, 238 N.W.2d 894 (1976).

If the first paragraph of the letter were the entire body of the agreement, then the plaintiff would be correct that an unconditional guarantee existed. However, the second paragraph limits the guarantee. It states: "We would like to limit our guarantee to payment of specific invoices issued, following shipment of material ordered on specific purchase orders of Whitewater Marine Products, Inc."

The above paragraph refers to specific invoices and specific purchase orders. However, this paragraph does not further define to what specific invoices and specific orders the paragraph refers. Plaintiff construes the letter as if the second paragraph were not present, or at least as if the word "specific" were not present. "Specific," according to Black's Law Dictionary 1571 (4th ed. 1957), means: "Precisely formu-

lated or restricted; definite; explicit; of an exact or particular nature. People v. Thomas, 25 Cal. 2d 880, 156 P.2d 7, 17. Having a certain form or designation; observing a certain form; particular; precise; tending to specify, or to make particular, definite, limited or precise. Republic Casualty Co. v. Scandinavian-American Bank, D.C. Wash., 2 F.2d 113, 114; Western Union Telegraph Co. v. South & N. A. R. Co., 184 Ala. 66, 62 So. 788, 793."

It appears that defendant intended to impose a limitation on its guarantee. However, the language is vague and ambiguous as to the exact nature of the limitation and therefore requires explanation. The trial court was correct in receiving evidence explaining the guarantee.

Where a contract is ambiguous, the court must determine the intent of the parties and the ambiguity must be resolved so as to give effect to that intent. *Knight Bros., Inc. v. State*, 189 Neb. 64, 199 N.W.2d 720 (1972); *Lovelace v. Stern*, 207 Neb. 174, 297 N.W.2d 160 (1980).

From the evidence which was received, the trial court concluded that under the guarantee defendant was not obligated to make payments for the material involved until each transaction received the prior approval of defendant. The court further found that plaintiff had failed to receive such approval.

This case was tried to the court without a jury. Under such circumstances the judgment has the effect of a verdict of a jury and will not be set aside unless clearly wrong. *American Standard Ins. Co. v. Tournor*, 186 Neb. 585, 185 N.W.2d 267 (1971); *Dale Electronics, Inc. v. Federal Ins. Co.*, 205 Neb. 115, 286 N.W.2d 437 (1979).

The decision of the trial court is not clearly wrong but is amply supported by the evidence. The judgment is affirmed.

AFFIRMED.