SIEBLER HEATING & AIR CONDITIONING, INC., APPELLANT, V. HAROLD R. JENSON, APPELLEE.

326 N.W.2d 182

Filed November 12, 1982. No. 81-611.

Glen A. Burbridge and Scott C. Hoyt of Kutak Rock & Huie, for appellant.

James B. Cavanagh of Erickson, Sederstrom, Leigh, Eisenstatt, Johnson, Kinnamon, Koukol & Fortune, P.C., for appellee.

Heard before KRIVOSHA, C.J., McCOWN, WHITE, and CAPORALE, JJ., and BRODKEY, J., Retired.

KRIVOSHA, C.J.

The appellant, Siebler Heating & Air Conditioning, Inc., appeals from a judgment entered by the District Court for Douglas County, Nebraska, dismissing Siebler's action against the appellee, Harold R. Jenson. We affirm.

By its amended petition Siebler alleged the following: Prior to April 8, 1974, Bruce Miller, a general partner of Candlewick Apartments Co. (Candlewick), requested Siebler to submit a bid to E. G. Miller Realty Co., Inc., setting forth the terms and conditions under which Siebler would agree to undertake the completion of certain heating, ventilating, and air-conditioning work in connection with the construction of certain multiapartment premises allegedly owned by Candlewick. In response thereto Siebler did submit its written bid, and on April 12, 1974, the bid was accepted by Candlewick. Siebler performed the work between April and December of 1974 and, at the request of Candlewick, billed Total Concepts, Inc. (which the evidence discloses was a corporation principally owned by Bruce Miller and one in which Harold R. Jenson, the appellee herein, had no interest). On May 2, 1975, Candlewick filed a petition in bankruptcy in the U.S. District Court for the District of Nebraska, and on July 25, 1975, Bruce

Miller also filed a petition in bankruptcy in the same court. The amended petition further alleged that Candlewick's and Miller's assets are insufficient to satisfy the debt owing Siebler and that, at all times material, E. G. Miller Realty Co. and Total Concepts, Inc., were, with respect to Candlewick and its general partners, a sham and mere alter egos of Candlewick. The contract offered in evidence provided that material and labor would be provided on a time-and-material basis. Siebler therefore prayed for judgment against Jenson in the amount of $35,348.27.

While the pleadings are not absolutely clear, apparently the theory upon which suit was brought was that there was an express contract with Candlewick, a partnership, and that because the partnership's assets were insufficient to satisfy the debt, Jenson, as one of the general partners of Candlewick, should be held liable to Siebler for the balance due. The answer of Jenson, filed in response to the original petition, set up a number of affirmative defenses, including the fact that no labor or material was furnished for the benefit or at the request of Candlewick, that an express contract between Siebler and Total Concepts, Inc., existed, and that Jenson had no interest in either E. G. Miller Realty Co. or Total Concepts, Inc. Certain other affirmative defenses were raised but, for purposes of this appeal, need not now be considered.

On appeal in this court Siebler now argues that the decision of the trial court should be reversed and judgment entered for Siebler and against Jenson on the theory that a quasi-contract existed between Siebler and Jenson. In support of that position Siebler argues that quasi-contracts are created by law for reasons of justice. This position is fully supported by the authorities. In 66 Am. Jur. 2d *Restitution and Implied Contracts* § 2 at 943-44 (1973), the author notes: "For a quasi-contract neither prom-

ise nor privity, real or imagined, is necessary. In quasi-contracts the obligation arises, not from consent of the parties as in the case of contracts express or implied in fact, but from the law of natural immutable justice and equity. Where a case shows that it is the duty of the defendant to pay, the law imputes to him a promise to fulfil that obligation. The duty, which thus forms the foundation of a quasi-contractual obligation, is frequently based on the doctrine of unjust enrichment." The doctrine of quasi-contracts has been supplanted in modern times by the doctrines of "unjust enrichment" and "restitution," but, in essence, is the same. See 66 Am. Jur. 2d, *supra* at 945.

Siebler makes a persuasive argument but for one major hurdle, which he is unable to overcome. The amended petition alleges the existence of an express contract, though there does exist a dispute as to whom the express contract is with. It has universally been held that there cannot be an express and an implied contract for the same thing existing at the same time. In 66 Am. Jur. 2d *Restitution and Implied Contracts* § 6 at 948-49 (1973), the author notes: "It is only when parties do not expressly agree that the law interposes and raises a promise. No agreement can be implied where there is an express one existing. Thus, an express contract precludes the existence of a contract implied by law or a quasi-contract." See, also, *Klebe v. United States,* 263 U.S. 188, 44 S. Ct. 58, 68 L. Ed. 244 (1923); *Snater v. Walters,* 250 Iowa 1189, 98 N.W.2d 302 (1959). Having pled and proved the existence of an express contract to pay a specific amount based upon time and material (though claiming that it was with Candlewick and not with Total Concepts, Inc.), Siebler is precluded from now seeking to have the court, on appeal, create a quasi-contract in lieu of the express contract upon which recovery was originally sought. In *Knoell Constr. Co., Inc. v. Hanson,*

205 Neb. 311, 313-14, 287 N.W.2d 439, 440 (1980), we said: "It is fundamental that a party cannot plead one cause of action and then introduce proof to establish another. A party cannot allege an express agreement and then, over objection, prove and recover on a cause of action of quantum meruit."

We likewise believe that one may not plead an express contract and then, as here, over objection of Jenson, seek to prove at trial or argue on appeal for the creation of a quasi-contract. The evidence discloses that there was no dispute between the parties as to the existence of an express contract. The dispute was simply whether the contract was with Candlewick or Total Concepts, Inc. Siebler maintained that the contract was with Candlewick. Jenson maintained that the contract was with Miller and Total Concepts, Inc. There was sufficient evidence adduced at trial from which the trial court could find that the contract was between Siebler and Miller, acting on behalf of Total Concepts, Inc., and, in any event, was not between Siebler and Candlewick. This, therefore, being a law action to review a suit on an express contract, in which a jury was waived, we believe that we are bound by the principle expressed by us recently in *Crawford v. Ham,* 209 Neb. 802, 803, 311 N.W.2d 896, 897 (1981): "In reviewing an appeal from the decision of a trial court in a law action, the review is not de novo. The judgment of the District Court will not be set aside on appeal unless it is clearly wrong and not supported by the evidence." See, also, *Pawnee Plastics, Inc. v. American Savings Co.,* 210 Neb. 131, 313 N.W.2d 262 (1981). We believe, therefore, that the judgment of the trial court must be affirmed.

AFFIRMED.