RONALD SCHROLL, APPELLANT, V. KEVIN FULTON, A
MINOR CHILD, ET AL., APPELLEES.

328 N.W.2d 780

Filed January 14, 1983. No. 81-657.

John S. Mingus of Mingus & Mingus, for appellant.

Jacobsen, Orr & Nelson, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON,
WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

The plaintiff, Ronald Schroll, brought this civil action against Kevin Fulton, a minor, and his parents for damages resulting from an assault and battery. The jury returned a verdict for the defendants and the plaintiff has appealed.

This action was initially filed by the plaintiff against two minor defendants, Kevin Fulton and David Shotkowski, and their respective parents. The defendants' pleadings later established that Shotkowski and his parents had paid $7,500 to Schroll and his wife and obtained a full release. A motion in limine to prohibit the introduction of any evidence of the payment or release was sustained prior to trial, and the action continued only against the defendant Fulton and his parents. Self-defense

was affirmatively pleaded by Fulton.

The plaintiff was a vocational agriculture teacher at the public high school in Loup City, Nebraska. On May 22, 1978, the defendant Kevin Fulton and David Shotkowski, who had just graduated from the high school, went to the plaintiff's classroom to inquire about the grades they had each received from the plaintiff in a farm management class which both of them had just completed. The two students approached plaintiff's desk and the plaintiff told them to go to the office and get a pass. From this point on the evidence is conflicting and confusing.

Plaintiff testified that defendant Fulton suddenly lunged at the plaintiff, knocking him onto the floor, where he was beaten and kicked by both Fulton and Shotkowski. Fulton testified that plaintiff shoved him and that he shoved back and plaintiff fell back over a chair and onto the floor, where Fulton saw Shotkowski kicking the plaintiff. Fulton testified that he did not strike the plaintiff and that he did not remember kicking him. Shotkowski did not testify.

The plaintiff sustained multiple bruises and contusions, principally to the head and upper body, and was hospitalized for 2 days.

The jury returned a verdict in favor of the defendants. Following the overruling of motions to set aside the verdict and for new trial, the plaintiff has appealed.

Plaintiff first contends that several husbands and wives were on the jury panel, in violation of Neb. Rev. Stat. § 25-1601 (Reissue 1979). There was no evidence, however, that any statutorily disqualified person actually served as a juror at the trial.

Plaintiff's counsel had the original jury panel list by April 23, 1981, a revised list by July 2, and the trial did not commence until July 6, 1981. No objection was made as to the presence of married couples on the panel until after the trial was completed. Neb. Rev. Stat. § 25-1637 (Reissue 1979) requires that the challenge to a jury array must be made in any

event before the jury is sworn to try the case.

A party cannot voluntarily take his chances with a jury and then obtain another trial on the ground that the jury was irregularly called. A party who fails to challenge the jurors for disqualification and passes the jurors for cause waives any objection to their selection. *Regier v. Nebraska P. P. Dist.*, 189 Neb. 56, 199 N.W.2d 742 (1972). No possibility of prejudice has been shown in the present case.

Plaintiff also contends that the trial court erroneously overruled a motion for new trial on the ground of newly discovered evidence. The ground for the motion was that the plaintiff had had a subpoena issued for Lyle Garwood, a teacher at the high school who had been a witness to at least a part of the assault and battery incident. The subpoena was never served and Garwood misunderstood the date of trial and did not appear. Plaintiff's counsel knew what his testimony was to be but failed to see that the subpoena was properly served.

Obviously, Garwood's testimony was not newly discovered evidence which plaintiff's counsel could not, with reasonable diligence, have discovered and produced at trial, within the meaning of Neb. Rev. Stat. § 25-1142 (Reissue 1979). When plaintiff's counsel discovered at trial that Garwood would not be present, he failed to move for a continuance or make any timely application for relief until after the jury verdict, when it was too late.

A motion for new trial on the ground of surprise is properly overruled where a request for a continuance for that reason was not made at the trial. *Kehm v. Dumpert,* 183 Neb. 568, 162 N.W.2d 520 (1968).

Finally, the plaintiff contends the defendant Fulton was guilty of perjury because his version of the facts was in conflict with the expected testimony of Garwood. Garwood's testimony could only serve to discredit or impeach Fulton, but a mere conflict in evidence is not proof of perjury. There is no merit to plaintiff's contention.

A jury verdict based upon conflicting evidence will not be set aside unless it is clearly wrong. It is not within the province of the Supreme Court to weigh or resolve conflicts in the evidence. The credibility of witnesses and the weight to be given their testimony are for the trier of fact. *Merten v. Pedersen,* 199 Neb. 34, 255 N.W.2d 869 (1977).

Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has the right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured. *Schreves v. D. R. Anderson Constructors, Inc.,* 206 Neb. 433, 293 N.W.2d 106 (1980). The evidence in the case now before us is sufficient to support the verdict and there was no prejudicial error.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., not participating.