Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/10/2018 09:08 AM CDT

Bloedorn Lumber Company of North Platte,
a Nebraska corporation, appellee, v. Jarrod
M. Nielson, appellee, and David A. Schilke
and Candace Schilke, appellants.

___ N.W.2d ___

Filed August 10, 2018.    No. S-16-329.

1.  **Breach of Contract: Damages.** A suit for damages arising from breach
    of a contract presents an action at law.
2.  **Contracts: Restitution.** Any quasi-contract claim for restitution is an
    action at law.
3.  **Judgments: Appeal and Error.** In a bench trial of a law action, the trial
    court's factual findings have the effect of a jury verdict and will not be
    disturbed on appeal unless clearly wrong.
4.  ____: ____. In reviewing a judgment awarded in a bench trial of a law
    action, an appellate court does not reweigh evidence, but considers the
    evidence in the light most favorable to the successful party and resolves
    evidentiary conflicts in favor of the successful party, who is entitled to
    every reasonable inference deducible from the evidence
5.  **Venue: Appeal and Error.** Where the record does not show an abuse of
    discretion, a ruling on a motion to transfer venue will not be disturbed
    on appeal.
6.  **Jurisdiction: Appeal and Error.** Before reaching the legal issues
    presented for review, it is the duty of an appellate court to determine
    whether it has jurisdiction over the appeal.
7.  **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court
    to acquire jurisdiction over an appeal, there must be a final order or final
    judgment entered by the court from which the appeal is taken.
8.  **Judgments: Final Orders: Words and Phrases.** A final judgment is
    one that disposes of the case either by dismissing it before hearing is
    had upon the merits, or after trial by rendition of judgment for the plain-
    tiff or defendant.

9. **Contracts: Unjust Enrichment: Quantum Meruit.** A claim that a court should imply a promise or obligation to prevent unjust enrichment goes by a number of names—"quasi-contract," "implied-in-law contract," or "quantum meruit."
10. **Contracts.** An express contract claim will supersede a quasi-contract claim arising out of the same transaction to the extent that the contract covers the subject matter underlying the requested relief.
11. **Contracts: Liens.** A party may pursue and recover on an unjust enrichment or a quasi-contract claim, notwithstanding a construction lien.
12. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

Appeal from the District Court for Lincoln County: Donald E. Rowlands, Judge. Affirmed.

Patrick M. Heng and Kortnei N. Hoeft, of Waite, McWha & Heng, for appellants.

George E. Clough, and, on brief, Andrea Finegan McChesney, of McChesney & Farrell, for appellee Bloedorn Lumber Company of North Platte.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Daugherty, District Judge.

Papik, J.

Jarrod M. Nielson alleged that David A. Schilke and Candace Schilke failed to pay him for work he performed on their residence. Following a bench trial, the district court entered judgment in favor of Nielson and against the Schilkes. The Schilkes raise various assignments of error regarding that judgment on appeal, but we find no merit to those assignments of error and, consequently, affirm the judgment of the district court.

## BACKGROUND

*Project.*

This dispute arises out of a home improvement project. In 2013 and 2014, Nielson worked on an addition to the

Schilkes' home. The project included the installation of granite countertops. Nielson obtained the countertops and accompanying materials from Bloedorn Lumber Company of North Platte (Bloedorn).

After the countertops were installed in May 2014, Nielson stopped working on the Schilkes' home. The parties dispute the reason Nielson stopped working. The Schilkes say they fired Nielson because they were unhappy with his work. In particular, Candace Schilke testified that the countertops Nielson had installed contained a type of sink other than the one she requested and had seams that were "sticking up and out." Nielson says he stopped working because he was not being paid.

Both Nielson and Bloedorn eventually filed construction liens on the Schilkes' home. Neither Nielson nor Bloedorn instituted legal proceedings to enforce the liens.

*Parties' Claims.*

In February 2015, Bloedorn filed a complaint against Nielson and the Schilkes in the district court for Lincoln County. Bloedorn alleged that Nielson had ordered and received the countertops and accompanying materials from Bloedorn for installation in the Schilkes' home, but had not paid Bloedorn.

Nielson and the Schilkes answered Bloedorn's lawsuit, but also filed cross-claims against each other. Nielson alleged that the parties entered into an oral agreement in which Nielson would build an addition onto the Schilkes' home in exchange for payment and that the Schilkes breached that agreement by failing to pay him for his time and the materials. Nielson also alleged that the Schilkes had been unjustly enriched as a result of the countertops' being installed without payment. The Schilkes alleged that they contracted with Nielson to complete construction work on their residence and that they had paid Nielson all he was owed, but that Nielson had failed to pay Bloedorn for the construction materials. On the basis of these facts, the Schilkes asserted that Nielson was liable to them for fraud and unjust enrichment.

*Motion to Transfer Venue.*

Early in the case, the Schilkes filed a motion to transfer venue from the district court for Lincoln County to the district court for Chase County. They argued that transfer was appropriate because their residence is in Chase County. The district court overruled the motion, finding that venue was present in Lincoln County on the basis of Nielson's residence there. It added that any inconvenience suffered by the Schilkes was offset by the inconvenience Nielson and Bloedorn would endure if the case were transferred to Chase County.

*District Court's Resolution
of Parties' Claims.*

A bench trial was held in January 2016. Bloedorn presented evidence that it provided Nielson with the countertops and accompanying materials for installation in the Schilkes' residence. Nielson testified that the Schilkes were to pay him for the cost of materials plus a markup. Nielson acknowledged his debt to Bloedorn for the countertops and accompanying materials. The testimony conflicted, however, as to whether the Schilkes had paid Nielson for the installation of the countertops. Candace Schilke testified that she paid Nielson for the installation of the countertops via a $30,000 check before they were installed. Nielson disagreed, taking the position that the $30,000 check was in payment for other work and materials.

After the trial, the district court issued a judgment, styled as a journal entry and order, disposing of the parties' various claims. With respect to Bloedorn's claim against Nielson, the court entered judgment in favor of Bloedorn in the amount of $11,551.89 (the cost of the countertops and accompanying materials), plus statutory interest. The court dismissed Bloedorn's claim against the Schilkes, explaining that there was no agreement between the Schilkes and Bloedorn which would support a breach of contract claim and that the Schilkes were not unjustly enriched at Bloedorn's expense. The district

court also dismissed the Schilkes' cross-claim against Nielson on the grounds that Nielson was not unjustly enriched and that there was no evidence Nielson had committed actual or constructive fraud.

Finally, the district court found that Nielson's claim against the Schilkes "ha[d] merit." It explained that Nielson installed the countertops in the Schilkes' residence and that Candace Schilke admitted that the countertops increased the value of the residence. The court added that while the Schilkes had complaints about the quality of Nielson's work, no evidence had been introduced as to the cost of remedying alleged defects or that the defects decreased the value of the home. The district court awarded Nielson $11,551.89, which the court found was the "fair and reasonable amount that the Schilkes have been unjustly enriched." The district court made no reference to Nielson's allegation that the Schilkes breached their agreement with him.

The Schilkes later filed a motion for a new trial. The district court overruled the motion, and the Schilkes appealed.

## ASSIGNMENTS OF ERROR

The Schilkes assign, consolidated and reordered, that the district court erred (1) in finding that Nielson was entitled to recover under the theory of unjust enrichment when a contract existed between the parties, (2) in finding that Nielson was entitled to recover under the theory of unjust enrichment when Nielson had a statutory remedy of foreclosure on his construction lien, (3) in finding that Nielson was entitled to recover under the theory of unjust enrichment when the evidence did not show the Schilkes were unjustly enriched, and (4) in denying the motion to transfer venue.

## STANDARD OF REVIEW

[1,2] A suit for damages arising from breach of a contract presents an action at law. *Par 3, Inc. v. Livingston*, 268 Neb. 636, 686 N.W.2d 369 (2004). The same is true for any

action asserting a quasi-contract claim for restitution. *City of Scottsbluff v. Waste Connections of Neb.*, 282 Neb. 848, 809 N.W.2d 725 (2011).

[3,4] In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong. *Id.* In reviewing a judgment awarded in a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Hooper v. Freedom Fin. Group*, 280 Neb. 111, 784 N.W.2d 437 (2010).

[5] Where the record does not show an abuse of discretion, a ruling on a motion to transfer venue will not be disturbed on appeal. *Community First State Bank v. Olsen*, 255 Neb. 617, 587 N.W.2d 364 (1998).

## ANALYSIS

*Appellate Jurisdiction.*

[6] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal. *In re Estate of Abbot-Ochsner*, 299 Neb. 596, 910 N.W.2d 504 (2018). While not raised by either of the parties, we stop to address our jurisdiction because, at first blush, it could appear that the district court did not resolve all claims presented. Although Nielson referred to both breach of contract and unjust enrichment in his cross-claim against the Schilkes, the district court made no reference to Nielson's breach of contract theory of recovery.

[7,8] For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017). A final judgment is one that disposes of the case either by dismissing it before hearing is had upon

the merits, or after trial by rendition of judgment for the plaintiff or defendant. *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

While the district court's judgment did not reference Nielson's allegation that the Schilkes breached their contract with him, it does not automatically follow that the judgment was not final. Nielson's cross-claim asserted two separate theories of recovery—unjust enrichment and breach of contract. Because those theories of recovery are based on the same operative facts, however, Nielson asserted one cause of action. See *Poppert v. Dicke*, 275 Neb. 562, 747 N.W.2d 629 (2008). The district court awarded judgment in favor of Nielson on his one cause of action against the Schilkes and also resolved all claims raised by other parties in the action. Nothing further was left for the court's consideration. The judgment was thus final and appealable.

*Effect of Express Contract on*
*Unjust Enrichment Recovery.*

We begin our analysis of the merits of the Schilkes' appeal with their contention that the district court erred by granting Nielsen a recovery on the basis of unjust enrichment when the parties had an express contract covering the same subject matter. As noted above, the district court entered judgment in favor of Nielson on unjust enrichment grounds without explicitly referring to Nielson's allegation that the Schilkes had breached their contract with him.

[9] Before addressing this argument, we pause briefly to review the nature of unjust enrichment claims and their relationship to claims for breach of contract. A claim that a court should imply a promise or obligation to prevent unjust enrichment goes by a number of names—"quasi-contract," "implied-in-law contract," or "quantum meruit." See, *City of Scottsbluff v. Waste Connections of Neb.*, 282 Neb. 848, 809 N.W.2d 725 (2011); *Associated Wrecking v. Wiekhorst Bros.*, 228 Neb. 764, 424 N.W.2d 343 (1988). Such claims do not arise from

an express or implied agreement between the parties; rather, they are imposed by law "when justice and equity require the defendant to disgorge a benefit that he or she has unjustifiably obtained at the plaintiff's expense." *City of Scottsbluff v. Waste Connections of Neb.*, 282 Neb. at 857, 809 N.W.2d at 738.

[10] Unjust enrichment or quasi-contract claims are viable only in limited circumstances. For example, as the Schilkes correctly point out, "'[t]he terms of an enforceable agreement normally displace any claim of unjust enrichment within their reach.'" *Id.* at 860, 809 N.W.2d at 740, quoting Restatement (Third) of Restitution and Unjust Enrichment § 2, comment *c.* (2011). Put another way, an express contract claim will supersede a quasi-contract claim arising out of the same transaction to the extent that the contract covers the subject matter underlying the requested relief. See *City of Scottsbluff v. Waste Connections of Neb., supra.*

Although contract claims supersede unjust enrichment or quasi-contract claims, a plaintiff is permitted to allege both. See *Professional Recruiters v. Oliver*, 235 Neb. 508, 456 N.W.2d 103 (1990). When a plaintiff does so, we have said that a court should address the contract claim first. See *City of Scottsbluff v. Waste Connections of Neb., supra*. But if recovery on an express contract theory proves not to be viable, there are circumstances in which recovery may still be had on an unjust enrichment or a quasi-contract basis.

One such circumstance is when a party seeking payment only partially (but not substantially) performs a contract and is thus precluded from a breach of contract recovery. See *RM Campbell Indus. v. Midwest Renewable Energy*, 294 Neb. 326, 886 N.W.2d 240 (2016) (explaining that to successfully bring breach of contract action, plaintiff must establish substantial performance of contract). We have held that if a party only partially performs a contract and the other party has accepted and retained the benefits thereof, the party seeking payment may recover "the reasonable or fair value of such performance, subject to the reciprocal right of the other party to recoup such

damages as he or she has suffered" from the failure to perform. *Id.* at 342, 866 N.W.2d at 255. See, also, *Peters v. Halligan*, 182 Neb. 51, 60, 152 N.W.2d 103, 109 (1967) (characterizing recovery that is available for party who partially performs contract when other party has retained benefits thereof as being on "a quantum meruit basis").

The foregoing discussion is relevant because there is evidence in the record that this very scenario occurred here. Both Nielson and the Schilkes alleged and introduced evidence of an oral agreement that Nielson would have granite countertops installed in exchange for payment, which, according to Nielson, was to include a markup for materials. And while Candace Schilke testified that the countertops had visible seams "sticking up and out" and contained a type of sink other than the one she requested, she also admitted that Nielson had the countertops installed and that they increased the value of the residence.

This evidence would allow the district court to reasonably conclude that Nielson had partially performed the parties' agreement and was thus entitled to receive the reasonable value of the benefits he conferred on the Schilkes. Because we find that the district court's judgment in favor of Nielson on unjust enrichment grounds is supported by the evidence, the Schilkes' assignment of error fails.

*Effect of Construction Lien on*
*Unjust Enrichment Recovery.*

The Schilkes fare no better with their argument that the trial court erred by awarding Nielson an unjust enrichment recovery when he could have foreclosed on his construction lien. Here, the Schilkes contend that because Nielson had the option to pursue foreclosure of his construction lien, he could not validly recover on an unjust enrichment or a quasi-contract basis. We disagree.

In *Tilt-Up Concrete v. Star City/Federal*, 261 Neb. 64, 621 N.W.2d 502 (2001), it was argued that the Nebraska

Construction Lien Act precluded a construction lienholder from pursuing an action for breach of contract. We rejected the argument, relying on a rule recognized in many other jurisdictions that unless otherwise provided by statute, the remedy for a mechanic's lien and the remedy for the underlying debt may be pursued at the same time or in succession. We pointed out that this rule is consistent with the principle that a statute will not be interpreted to restrict or remove a common-law right unless plainly compelled by the language, because the Nebraska Construction Lien Act does not indicate that it precludes a breach of contract action.

[11] While *Tilt-Up Concrete* held that a party may pursue a breach of contract action notwithstanding a construction lien, its reasoning indicates that a party may also pursue and recover on an unjust enrichment or a quasi-contract claim, notwithstanding a construction lien. The right to an unjust enrichment or a quasi-contract recovery also existed at common law, see Restatement (First) of Contracts § 5, comment *a*. (1932), and the Nebraska Construction Lien Act does not indicate that it was meant to preclude such claims. We thus join other courts that have held that the existence of a construction lien does not preclude an unjust enrichment or a quasi-contract recovery for work or materials covered by the lien. See, e.g., *Brown Sprinkler Corp. v. Somerset-Pulaski*, 335 S.W.3d 455 (Ky. App. 2010); *Morris Pumps v. Centerline Piping*, 273 Mich. App. 187, 729 N.W.2d 898 (2006); *A-Tech Concrete Co. v. West Orange Public Schools*, No. L-6044-05, 2008 WL 4057750 (N.J. Super. Sept. 3, 2008) (unpublished opinion).

Because Nielson's filing of a construction lien does not preclude an unjust enrichment recovery, the Schilkes' assignment of error lacks merit.

*Evidence to Support Unjust
Enrichment Recovery.*

We must also disagree with the Schilkes' contention that Nielson failed to show that the Schilkes had been unjustly

enriched. The Schilkes contend that they were not unjustly enriched for two reasons: because Nielson did not transfer any benefit to them and because they paid Nielson for the countertops.

With respect to the Schilkes' first contention, the evidence shows that Nielson acted as the Schilkes' contractor, arranged for the installation of the countertops, and incurred a debt to Bloedorn for the cost of the countertops. The evidence also shows that the countertops increased the value of the Schilkes' residence. The Schilkes are mistaken that Nielson did not transfer any benefit to them.

With respect to the Schilkes' argument that they paid Nielson for the countertops, the Schilkes point to Candace Schilke's testimony that she intended to pay for the countertops with the $30,000 check referenced above. At most, however, this merely establishes a conflict in the evidence. Nielson testified that he was not paid for the countertops. We must resolve any such conflicts in favor of Nielson and give Nielson every reasonable inference deducible from the evidence. See *Henton v. Nokes*, 258 Neb. 230, 603 N.W.2d 1 (1999). Under this standard, we cannot say that the trial court clearly erred by finding that Nielson was not paid for the countertops.

*Motion to Transfer Venue.*

This leaves only the Schilkes' assignment that the district court erred in denying their motion to transfer venue to Chase County. We find that it did not.

[12] As noted above, a ruling on a motion to transfer venue will not be disturbed on appeal unless the record shows an abuse of discretion. *Community First State Bank v. Olsen*, 255 Neb. 617, 587 N.W.2d 364 (1998). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018).

Here, the district court overruled the Schilkes' motion to transfer venue on the ground that any inconvenience suffered by the Schilkes by allowing the case to proceed in Lincoln County was offset by the inconvenience that would be caused to Nielson and Bloedorn if the case were transferred to Chase County. We find the court's reasoning sound and certainly not an abuse of discretion.

## CONCLUSION

Finding no merit in any of the assignments of error raised by the Schilkes, we affirm.

AFFIRMED.