Jack H. HAMMONS, d/b/a South Eastern Adjustment Company, Appellant,

v.

BIG SANDY CLAIMS SERVICE, INC., Appellee.

Court of Appeals of Kentucky.

June 9, 1978.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, for appellant.

Edward R. Hays, Lexington, for appellee.

Before COOPER, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

The appellant, Jack H. Hammons, d/b/a South Eastern Adjustment Company (hereinafter referred to as Hammons), is an insurance or claims adjuster who worked for appellee, Big Sandy Claims Service, Inc. (hereinafter referred to as Big Sandy). Big Sandy is a claim service that commenced its operations in Pikeville but has since opened offices in several other Kentucky towns.

Hammons and Big Sandy entered into an employment contract which included a "noncompetition clause." This controversy revolves around this clause and the pertinent parts read as follows:

Employee agrees and binds himself that upon termination of his employment with Employer for any reason that he will not, under any circumstances, engage in the adjustment of claims or services rendered in connection therewith, either property damage, fire, personal injury or otherwise, for himself or anyone else, within a radius of 200 miles of any territory being serviced by the Employer at the time of Employee's termination of service with the Employer. This limitation shall be binding for one year next after the Employee's termination of service with Employer.

It is agreed and understood that the purpose of this limitation is for the protection of the Employer in that the Employee will have access to all Employer's clients and connections in relation to its business and, therefore, competition would be detrimental to the Employer. This employment limitation, however, is limited to Employee's own business or that of competitive business, such as but not limited to, independent adjustment or corporate service but is not meant to intend that Employee cannot be employed as a salaried adjuster for a given company as staff adjuster. Employee recognizes this restriction and agrees to be bound thereby.

After working for Big Sandy in Middlesboro and in Barbourville, Hammons was discharged on January 6, 1975. Within two weeks Hammons had opened a claims service in Barbourville and actively solicited business from Big Sandy's clientele. He was notified by Big Sandy's attorney to cease and desist but he refused. Suit was brought asking for a temporary and permanent injunction to prohibit Hammons from operating the business and to further enjoin him from operating a claims business within a radius of two hundred miles of the City of Middlesboro, Kentucky for the duration

of one (1) year after January 6, 1975, and for other relief.

Trial was had on the injunction part of the case and the trial court found for Big Sandy and permanently enjoined Hammons from operating and engaging in the business of adjusting and servicing insurance claims for insurance companies within the territory and time period referred to in the preceding paragraphs; all other questions being reserved for determination at a later date.

Hammons appeals contending that the contract is void and illegal as being against public policy. It is conceded by Hammons that the restriction in the contract pertaining to the one year period of time is reasonable but he says that the territorial restriction is unreasonable as the contract could be construed to cover several states if you applied the 200 mile radius from each of Big Sandy's offices. He also says that the trial court erred in reforming the contract in applying the injunction only to the Middlesboro office. We disagree with Hammons in regard to both his contentions.

"Generally contracts in restraint of trade are not enforceable where they are unlimited as to both time and space, or as to where they are unlimited as to space but limited as to time, but where such contracts are unlimited as to time but are confined to a reasonable territory they are enforceable." *Calhoun v. Everman*, Ky., 242 S.W.2d 100 (1951). Also, it has been held in Kentucky that an agreement in restraint of trade is reasonable if, on consideration of the subject, nature of the business, situation of the parties and circumstances of the particular case, the restriction is such only as to afford fair protection to the interests of the covenantee and is not so large as to interfere with the public interests or impose undue hardship on the party restricted. *Ceresia v. Mitchell*, Ky., 242 S.W.2d 359 (1951).

■ In this case, Big Sandy had a legitimate concern in protecting itself from the very situation which arose in the case. An adjustment service has to spend much time and money to generate good will among the insurance agencies and companies in the area it serves. A company like Big Sandy is particularly vulnerable to solicitation by employees or former employees of business from its clientele. Hammons, as well as other employees, could use their positions inside the company to undermine Big Sandy's position with its clients. A covenant, such as the one at bar, not to engage in competition is a valuable business tool and it did not work an undue hardship on Hammons or the public. An insurance adjusting office must depend on a large surrounding area in which to sustain itself in business. It was not an unreasonable restriction by the trial court to restrict his business within 200 miles of Middlesboro when you consider the nature of the business. It is to be born in mind that the covenant herein did not prevent Hammons from working as a staff adjuster (on salary) in the area for any insurance company. He was only restricted from entering into direct competition with Big Sandy for one year.

■ As to Hammons' second point, we quote from *Williston on Contracts*, 4th Edition, § 1660: "Where the covenant as originally drawn has been found too broad, courts have had no difficulty in restricting it to its proper sphere and enforcing it only to that extent." This rule has been applied in Kentucky. *Ceresia v. Mitchell, supra.* See also 61 A.L.R.3d 397 for an exhaustive treatise on this subject entitled "enforceability of Contract Not to Compete."

The trial court, in its sound discretion, limited the application of the territorial limit contained in the contract. This is all Big Sandy asked him to do. As the trial court had legal precedent to so find, we perceive no error.

The judgment is affirmed.

All concur.