**Luther A. JAMES, Charles D. Moore, and Jacob R. Meyers, Appellants,**

**v.**

**CHURCHILL DOWNS, INC. and Thoroughbred Racing Protective Bureau, Appellees.**

Court of Appeals of Kentucky.

Aug. 14, 1981.*

* This case was originally designated "Not to be Published." On Sept. 11 1981 the Supreme

Court ordered it published.

John Tim McCall, Martha A. Lawfer, Louisville, for appellants.

John E. Tarrant, William E. Scent, Tandy C. Patrick, Sheryl Snyder, Elizabeth R. Short, Louisville, for appellees.

Before GANT, GUDGEL, and VANCE, JJ.

GUDGEL, Judge.

This is an appeal from a summary judgment granted by the Jefferson Circuit Court. The court adjudged that appellee, Churchill Downs, Inc., possessed, and validly exercised a common law right to exclude appellants from its racetrack on the basis that they are undesirable patrons. Appellants' principal contention is that the legislature abrogated appellee's common law right of exclusion when it vested the Kentucky State Racing Commission with the same right by enacting KRS 230.215 and KRS 230.260. We disagree with this contention and affirm.

Appellants filed this action after they were excluded from attending race meetings at Churchill Downs to determine whether appellee was entitled to exclude them. The trial court found that appellee possessed a common law right to exclude them and validly exercised it. This appeal followed.

Appellants concede that for many years racetrack proprietors, such as appellee, have possessed a common law right to exclude a prospective patron for any reason, provided the exclusion is not based on the person's race, creed, color, or national origin. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736 (6th Cir. 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 535, 66 L.Ed.2d 294 (1981); and *Capital Theatre Co. v. Compton*, 246 Ky. 130, 54 S.W.2d 620 (1932). They also concede that their exclusion was valid if appellee's common law right to exclude them still exists. In short, they base their entire case on the assertion that the legislature, in enacting KRS 230.215 and KRS 230.260, intended to abrogate appellee's common law right of exclusion. We simply are not persuaded by this argument.

The applicable rule is succinctly stated in *Spirko v. Commonwealth*, Ky., 480 S.W.2d 169 (1972), as follows: "The intention to abrogate the common law will not be presumed and the intention to repeal it by statute must be clearly apparent. Repeal by implication has never been looked upon favorably by the courts." Therefore, unless KRS 230.215 and KRS 230.260 make it "clearly apparent" that the legislature, by enacting those statutes, intended to abrogate the common law right of racetrack proprietors to exclude undesirable patrons, appellants' appeal must fail. We have concluded that these statutes do not manifest such an intention.

The portions of the statutes upon which appellants rely provide as follows:

*KRS 230.215*

(2) . . . In addition to the general powers and duties vested in the commission by KRS 230.210 to 230.260, it is the intent hereby to vest in the commission the power to eject or exclude from association grounds or any part thereof any person, licensed or unlicensed, whose conduct or reputation is such that his pres-

ence on association grounds may, in the opinion of the commission, reflect on the honesty and integrity of thoroughbred racing or interfere with the orderly conduct of thoroughbred racing or Appaloosa racing.

*KRS 230.260*

(1) The commission is vested with jurisdiction and supervision over all thoroughbred race meetings in this commonwealth and over all associations and all persons on association grounds and may eject or exclude therefrom or any part thereof, any person, licensed or unlicensed, whose conduct or reputation is such that his presence on association grounds may, in the opinion of the commission, reflect on the honesty and integrity of thoroughbred racing or Appaloosa racing or interfere with the orderly conduct of thoroughbred racing or Appaloosa racing at thoroughbred race meetings; Provided, however, no persons shall be excluded or rejected from association grounds solely on the ground of race, color, creed, national origin, ancestry, or sex; ...

It is crystal clear that these statutes are intended to vest the Kentucky State Racing Commission with the authority to exclude undesirable patrons from racetracks. It does not automatically follow, however, that they were also intended to abrogate appellee's common law right of exclusion.

Appellants argue that the *Capital Theatre Co.,* case, *supra,* holds that the common law right of exclusion can only exist "in the absence of some statutory regulation or restriction to the contrary," and that KRS 230.215 and KRS 230.260 are such contrary legislation. This argument, in our opinion, misinterprets the court's language in the *Capital Theatre Co.,* case, *supra.* We believe that the court's language in that case was merely intended to recognize that the legislature possesses the power to abrogate a common law right by enacting a specific statute which accomplishes that purpose. However, for us to conclude, as appellants have, that the mere enactment of statutes which confer upon the racing commission the authority to exercise a right of exclusion has the effect of abrogating the authority of racetrack proprietors to exercise an identical common law right they possess is unwarranted.

We find nothing in the language of either KRS 230.215 or 230.260 which expressly manifests an intention to abrogate the common law right of racetrack proprietors' to exclude undesirable patrons. Nor do we find any language in those statutes which affords a basis for us to conclude that the legislature's intention to abrogate the right by implication is clearly apparent. On the contrary, as we view the matter, KRS 230.-215 and KRS 230.260 were actually intended to expand the common law right of exclusion by vesting an additional entity, the Kentucky State Racing Commission, with authority to exercise the right. Accordingly, we hold that the court did not err by recognizing appellee's common law right of exclusion or by upholding appellee's exercise of that right.

In light of our decision with respect to appellants' first contention, their remaining contentions are moot. Appellee's pending motion to dismiss this appeal is denied.

The summary judgment appealed from is affirmed.

All concur.