Thelma L. STOVALL Commissioner of Labor Commonwealth of Kentucky, Appellant,

v.

A. O. SMITH CORPORATION, Appellee.

Court of Appeals of Kentucky.

May 11, 1984.

Discretionary Review Denied by Supreme Court Oct. 12, 1984.

Carol M. Palmore, General Counsel, Dept. of Labor, Betty A. Springate, Asst. Counsel, Dept. of Labor, Frankfort, for appellant.

Gary Haight, Milwaukee, Wis., Charles G. Williamson, Jr., Clay, Williamson & Rabe, Mount Sterling, for appellee.

Before HAYES, C.J., and HOWARD and REYNOLDS, JJ.

HAYES, Chief Judge:

The issue to be decided in this appeal is whether KRS 338.101(2) vests exclusive jurisdiction in the Franklin Circuit Court to issue a search warrant to enforce the right of entry of the appellant, Thelma L. Stovall, Commissioner of Labor, to conduct inspections in businesses not otherwise excluded by KRS 338.021, to safeguard employees against hazards in the work areas.

KRS 338.101(2) provides as follows:

If an employer refuses such entry, then the Commissioner may apply to the Franklin Circuit Court for an order to enforce the right of entry.

In the judgment appealed from, the Montgomery Circuit Court concluded that it was without jurisdiction to enforce such a right of entry. We agree.

■ The interpretation of this statute urged by the appellant is that the legislature intended that she have the "additional remedy" of obtaining a search warrant in the Franklin Circuit Court should it be inconvenient or impossible to obtain one from a judge in the county of the proposed inspection. The fallacy of this argument, however, is that as a creature of statute, an administrative body "must find within the statute warrant for the exercise of any authority" it claims. *Dept. for Natural Resources v. Stearns Coal*, Ky., 563 S.W.2d 471, 473 (1978). "When powers are given to be performed in a specified manner, there is an implied restriction upon the exercise of those powers in excess of the grant." *Johnson v. Correll*, Ky., 332 S.W.2d 843, 845 (1960). Thus, that our legislature specifically designated only Franklin Circuit Court as the court to which the appellant may apply for a warrant, clearly evinces it intent to place a territorial limitation on the exercise of the Commissioner's authority to seek and obtain the relief contemplated by the statute.

■ The Commissioner further disagrees with the trial court's interpretation, as the statute, she argues, does not expressly manifest an intention to abrogate the common law authority of all district and circuit judges to issue warrants. It is well settled that the legislature's intention to abrogate the common law will not be presumed and that such an intention must be clearly apparent. *James v. Churchill Downs, Inc.*, Ky.App., 620 S.W.2d 323 (1981). As discussed herein before, we believe such intent to be clear. Moreover, we do not believe this principle to have any application to the matter at bar for the reason that, as the Commissioner had no right of entry at common law, the courts had no parallel authority to issue administrative search warrants.

Finally, we find no merit in the appellant's argument that KRS 338.101(2) is in conflict with KRS 24A.110(1) as the former statute deals exclusively with the jurisdiction of district court in criminal matters. Neither do we believe *Richmond v. Commonwealth*, Ky., 637 S.W.2d 642 (1982), a case involving an appeal from a criminal conviction, to be authority for declaring the statute at issue unconstitutional. In that case the Kentucky Supreme Court held that all district and circuit judges have the authority to issue warrants of any kind, *"in the absence* of any constitutional or *statutory* designation of what officers may issue warrants." *Id.* at 645.

The judgment is affirmed.

All concur.