**Cecil R. PERKINS, Appellant,**

v.

**Bill DAUGHERTY d/b/a Daugherty Engineers, Appellee.**

**and**

**Bill DAUGHERTY d/b/a Daugherty Engineers, Cross-Appellant,**

v.

**Cecil R. PERKINS, Cross-Appellee.**

Court of Appeals of Kentucky.

Jan. 23, 1987.
Discretionary Review Denied
March 24, 1987.

Julius Rather, Lexington, for appellant/cross-appellee.

C. Hunter Daugherty, Nicholasville, for appellee/cross-appellant.

Before COMBS, GUDGEL and McDONALD, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Jessamine Circuit Court which arose out of appellee's filing an engineer's lien against appellant's property. Appellant sued appellee alleging that the lien was wrongfully filed. Appellee's counterclaim sought payment for his engineering services plus interest from the filing date of his lien. The trial court dismissed appellant's claim and entered judgment for appellee, but denied his claim for interest on the lien. Appellant appeals the dismissal of his claim, and appellee cross-appeals the denial of his claim for interest.

Appellant, Cecil R. Perkins, owns and develops residential property. Appellee, Bill Daugherty, is a licensed engineer. Perkins, in partnership with Kindred Homes, Inc., began developing Crosswoods Subdivision in Jessamine County, Kentucky. Daugherty was retained to do the engineering and contracting work for the subdivision. There was no written contract between Daugherty and the developers; Daugherty worked by verbal agreement.

Later Perkins and Kindred Homes dissolved their partnership, with each taking a portion of the property. Daugherty continued to complete his work on Kindred's portion of the property, intending to proceed to Perkins' property immediately afterwards. There still was no written contract between Daugherty and either Perkins or Kindred. Daugherty did preliminary work on Perkins' property and progressed with that work until after it became apparent to him that Perkins had obtained the help of another engineer for the project. Daugherty sent Perkins a bill for his work in the amount of $18,256.50, and when Perkins did not pay the bill Daugherty filed an engineer's lien against Perkins' property. This caused Perkins to sue Daugherty for damages incurred by the wrongful filing of the lien. Daugherty counterclaimed for the amount of his bill, plus interest on the lien.

There was no express or written contract between Perkins and Daugherty covering the Crosswoods project. The trial court, correctly we believe, also concluded that the evidence was insufficient or too incompatible to show that the parties had entered into an implied contract in fact. The trial court's judgment in favor of Daugherty was grounded in its conclusion that Perkins would be unjustly enriched by the work of Daugherty unless Daugherty received compensation, and therefore he should recover *quantum meruit* for the work he did for Perkins.

A contract implied in fact is a true contract, shown by evidence of facts and circumstances from which a meeting of minds concerning the mutual promises may be reasonably deduced. *Thompson v. Hunter's Ex'r*, Ky., 269 S.W.2d 266 (1954). A contract implied by law allows for recovery *quantum meruit* for another's unjust enrichment. It is not based upon a contract but a legal fiction invented to permit recovery where the law of natural justice says there should be a recovery as if promises were made. The courts supply the fiction of the promise to permit the recovery. Furthermore recovery *quantum meruit* may be had irrespective of the intentions of the parties, and sometimes even in violation of them. *Fayette Tobacco Warehouse Company v. Lexington Tobacco Board of Trade*, Ky., 299 S.W.2d 640 (1957); *Kellum v. Browning's Adm'r*, 231 Ky. 308, 21 S.W.2d 459 (1929).

We believe the evidence contains ample support for the trial court's judgment in favor of Daugherty's recovery *quantum meruit.* Daugherty performed engineering work on Perkins' property, and he knew or should have known it was being done. Further, there is evidence that Perkins requested or strongly intimated to Daugherty that he desired Daugherty to begin work for him as soon as possible. The second engineer charged substantially less for his services than Daugherty did, and it is not unreasonable to conclude that he did so as a direct result of Daugherty's previous efforts. Therefore, we believe the

trial court's judgment in favor of Daugherty for $18,256.50 was not erroneous, and affirm that portion of the judgment.

We turn now to the issue of whether Daugherty's engineer's lien was wrongfully filed, and if not, whether he should be allowed to recover accrued interest on it. KRS 376.075 provides that any licensed engineer who performs services should "have a lien on the building, structure, land or project on which such services were performed, to secure the amount thereof with interest ..." The interest is to be determined according to KRS 360.040. As Daugherty was a licensed engineer, and did perform engineering services for Perkins, we believe the lien filed against Crosswoods Subdivision was rightfully filed.

KRS 360.040 is Kentucky's interest on judgment statute. It provides that in cases based on claims for unliquidated damages, such as a statutory engineer's lien, once the claim is reduced to judgment, it "may bear less than" the ordinary judgment interest rate of 12% per annum. The court rendering the judgment is to determine the interest rate in a hearing after due notice to all interested parties. We believe the court erred in failing to determine what amount of interest should accrue to the judgment. This portion of the judgment is reversed and remanded to the trial court to determine the interest rate on its judgment pursuant to KRS 360.040.

The judgment of the Jessamine Circuit Court is affirmed on direct appeal, and reversed and remanded on cross-appeal for proceedings consistent with this opinion.

McDONALD, J., concurs.

GUDGEL, J., dissents.

GUDGEL, Judge, dissenting:

I respectfully dissent. In my opinion, the court's findings of fact compelled it to conclude, as a matter of law under the authority of *Dahlem Construction Company v. Mid-City Development Associates*, Ky., 409 S.W.2d 300 (1966), that appellee was not entitled to recover on the basis of

*quantum meruit.* Alternatively, I am of the opinion that even if the court's finding as to liability is not clearly erroneous, the court utilized an erroneous measure of damages, and hence, Perkins at the very least is entitled to a new trial on the issue of damages.

A professional person rendering services to another is entitled to recover only a reasonable fee if recovery of that fee is based on *quantum meruit. See Manning v. Owens,* 277 Ky. 40, 125 S.W.2d 753 (1939). Here, however, the court awarded appellee the same fee of $750 per acre for his services that he was to be paid under the terms of his verbal contract with Kindred. I believe that compensation according to that previously determined contractual fee was erroneous. Instead, the proper method for compensating appellee would be to allow him to recover the reasonable hourly fee charged by civil engineers to perform the same or similar services as those he performed, multiplied by the reasonable number of hours required to perform those services. The record indicates that this sum might be substantially less than the $18,000 which the court awarded.

For the reasons stated, I would reverse on the direct appeal and affirm on the cross-appeal.