RENDERED: SEPTEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0913-MR

HORIZON ADULT HEALTH CARE,
LLC                                                                          APPELLANT

 

                 APPEAL FROM MADISON CIRCUIT COURT
v.            HONORABLE COLE A. MAIER, JUDGE
                 ACTION NO. 19-CI-00563

 

DEVOTED SENIOR CARE, LLC                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

ACREE, JUDGE: Appellant, Horizon Adult Health Care, LLC, appeals the

Madison Circuit Court's order granting summary judgment in favor of Appellee,

Devoted Senior Care, LLC. After review, we affirm.

## BACKGROUND

Appellant is a state-licensed Medicaid provider that created in-home care plans and developed a clientele to receive those services. Appellant did not provide the in-home care services itself but contracted with Appellee to conduct the programs' daily operation. Appellee is not a state-licensed Medicaid provider and, therefore, must operate the license of Appellant or another licensee.

In the spring of 2019, Appellant was concerned that Appellee was dissatisfied with their contract and was pursuing affiliation with a different Kentucky Medicaid licensee to provide its services. Appellant also suspected Appellee was promising to bring some of Appellant's clients to the new licensee.

Appellant's president, Kelly Upchurch, contacted Appellee's president, Stephen Bryson. Bryson told Upchurch that Appellee was not seeking a new state-licensed Medicaid provider and had no intention of taking away any of Appellant's clients. Bryson reiterated this in an email, also allegedly expressing a desire to rekindle the relationship between the two parties. The rekindling did not occur, and the relationship soured.

The parties terminated the contract in July 2019. Appellant claimed that prior to the contract's termination, Appellee's employees solicited Appellant's clients to leave Appellant. In all, Appellant alleges solicitation of 54 of their 106,

some of whom engaged with Appellee's new Medicaid provider resulting in lost revenue totaling more than $4 million.

Appellant filed suit in September 2019 alleging Appellee breached the non-solicitation clause expressed in the contract's Paragraph 2. The interpretation of Paragraph 2 as a non-solicitation clause is not at issue before this Court. However, sixteen months later, Appellant amended its complaint to add a count claiming the same Paragraph 2 should be interpreted as a non-compete clause.

Appellee disagreed that Paragraph 2 could be interpreted as a non-compete clause and filed a motion to dismiss or for partial summary judgment only as to that count of the amended complaint. The circuit court agreed with Appellee and entered a narrowly tailored judgment that the parties' contract:

> does not contain a non-compete provision that would preclude [Appellee] from providing services to any patient who received services from the parties during the term of the parties' [contract] and who subsequently voluntarily chooses to obtain services from [Appellee] . . . . The Court does not opine on [Appellant's] remaining claims, including but not limited to its non-solicitation claim, at this time.

(Record (R.) at 1,328.)[1]  This appeal follows.

---

[1] Partial summary judgment was initially entered by Judge Jean C. Logue on June 1, 2021. (R. at 1,064-1,071.)  After succeeding Judge Logue, Judge Cole A. Maier granted a motion to amend the partial summary by adding finality language from Kentucky Rules of Civil Procedure (CR) 54.02(1) and entered an amended partial summary judgment on August 3, 2021. (R. 1,323-1,330.)  The original partial summary judgment was not otherwise amended.

## STANDARD OF REVIEW

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue de novo." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (footnote omitted).

Additionally, "[m]atters of contract interpretation are questions of law that we review *de novo*." *Smith v. Crimson Ridge Dev.*, 410 S.W.3d 619, 621 (Ky. App. 2013) (citing *Cantrell Supply, Inc. v. Liberty Mut. Ins.*, 94 S.W.3d 381, 385 (Ky. App. 2002)). "Unambiguous terms contained within the contract are interpreted in accordance with their ordinary meaning," *id.* (internal quotation marks and citation omitted), and the contract "must be construed as a whole, giving effect to all parts and every word in it if possible." *City of Louisa v. Newland*, 705 S.W.2d 916, 919 (Ky. 1986).

## ANALYSIS

The dispute boils down to whether the parties' contract includes an enforceable non-compete clause. Appellant says an enforceable non-compete clause is found in the following language of the contract:

> 2. Horizon will provide all Clients. Horizon will be responsible for providing all Clients who receive services hereunder, and all Clients serviced remain the exclusive Client of [Appellant] to which [Appellee] will have no rights of access in the event of the termination of this contract. Provider agrees that during the term of this

agreement and for a period of two years thereafter neither it, its shareholders, members or employees will directly or indirectly solicit any Clients, that this act would cause [Appellant] significant harm, and would entitle [Appellant] to injunctive relief, compensatory damages and attorney fees against [Appellee].

(Record (R.) at 7.) The circuit court disagreed. So does this Court.

Like the circuit court, this Court will not opine regarding whether this language constitutes an enforceable non-solicitation clause. We will only decide the legal question whether this language contractually prohibits Appellee from competing for business with Appellant.

The primary objective of contract interpretation is to effectuate the intentions of the parties. *3D Enterprises Contracting Corp. v. Louisville and Jefferson Cty. Metropolitan Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005). Often the starting point is determining whether there is an ambiguity in the contract language because "[w]hen no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions." *Id.* (quoting *Hoheimer v. Hoheimer*, 30 S.W.3d 176, 178 (Ky. 2000)). Whether a contract is ambiguous, is a question of law for the courts and is subject to *de novo* review. *Id.* (citing *Cantrell Supply, Inc.*, 94 S.W.3d at 384). The circuit court found no ambiguity in the language; nor does this Court, albeit for slightly different reasons.

The circuit court first focused on the word "access" contained in the paragraph and did not construe the word as ambiguous. Rather, the court found the plain meaning of the word to be "synonymous with solicitation[,]" a form of the root word "solicit" which the parties expressly use in that same paragraph. The circuit court declined Appellant's broader interpretation of the word "access" that would prohibit Appellee from treating Appellant's clients even if they approached Appellee for services without being solicited.

Appellant's urging of a broader definition by quoting definitions from three dictionaries is not entirely without merit. However, there are two reasons we are convinced by our *de novo* review that Paragraph 2 is not a non-compete clause. First, our interpretation of the parties' intent accounts for language the parties elected not to include – any reference to competition/non-competition or restraint of Appellee's trade. Second, interpreting Paragraph 2 as a non-compete clause would not only prevent Appellee from providing care to Appellant's existing clientele, but to any person who sought care from Appellee whether he or she ever associated with Appellant or not. We now address both reasons.

Negotiated restraints of trade are not frowned upon if properly tailored. *Hammons v. Big Sandy Claims Serv., Inc.*, 567 S.W.2d 313, 315 (Ky. App. 1978) (citing *Ceresia v. Mitchell*, 242 S.W.2d 359 (Ky. 1951)). Courts are authorized even to reform non-compete clauses that are overbroad. *Kegal v.*

*Tillotson*, 297 S.W.3d 908, 913 (Ky. App. 2009). But it is essential to include words describing the subject matter. *McGowan v. Shearer*, 176 Ky. 312, 317,195 S.W. 485, 487 (1917) ("essential element of the contract (its subject-matter)"). Paragraph 2 does not describe the subject matter as disallowing Appellee *to compete* with Appellant as distinct from not allowing Appellee *to "solicit"* its existing clientele. By necessary implication, the decision not to use words of competition/non-competition or restraint of Appellee's trade or conduct of its business eliminates non-competition as the paragraph's subject matter.

Our survey of appellate opinions addressing non-compete clauses did not find black-letter guidance that the reference to competition or non-competition must appear in the contract provision. However, not one of those opinions failed to indicate the subject contract provision identified the subject matter as competition or non-competition. *See, e.g.*, *Charles T. Creech, Inc. v. Brown*, 433 S.W.3d 345, 347 (Ky. 2014) (party "not permitted to work for any other company that directly or indirectly competes with the company"); *Higdon Food Service, Inc. v. Walker*, 641 S.W.2d 750, 751 (Ky. 1982) ("at no time during the employment or within one year immediately thereafter would [party] . . . open a business which would be a competitor, or engage as an agent of any competitor"); *Louisville Cycle & Supply Co., Inc. v. Baach*, 535 S.W.2d 230, 231 (Ky. 1976) (agreement party "would not do business in competition"); *Central Adjustment Bureau, Inc. v.*

*Ingram Associates, Inc.*, 622 S.W.2d 681, 683, 685 (Ky. App. 1981) (party "will not compete with the company" after making "promise not to compete"); *Alph C. Kaufman, Inc. v. Cornerstone Industries Corporation*, 540 S.W.3d 803, 810 (Ky. App. 2017) ("non-compete agreement prevented the subject employee from engaging in a competing business"); *Kegel v. Tillotson*, 297 S.W.3d 908, 913 (Ky. App. 2009) (parties' "commitment was one not to compete with the business"); *New Life Cleaners v. Tuttle*, 292 S.W.3d 318, 320 (Ky. App. 2009) (expressly identified contract provision as "non-compete clause"). Appellant cannot say the same about Paragraph 2. Nothing is ambiguous about the parties' choice not to describe the subject matter of Paragraph 2 as non-competition.

Second, although the focus of the summary judgment and the briefs in this Court is the effect of Paragraph 2 on Appellant's existing clientele as subsequent clients or patients of Appellee, Appellant's interpretation of Paragraph 2 as a non-compete clause would have broader effect. It would prohibit Appellee from engaging in caregiving even for clients or patients never known by Appellant for two years and across the geographical area Appellant wants the Court to incorporate from Paragraph 4(e).[2] We believe it is clear the parties never intended

---

[2] Paragraph 4 is entitled "Payment terms" and subparagraph (e) says: "Our service territory includes (but not limited to) the following counties: Daviess, Hancock, Henderson, Ohio, Union, Webster." There is no reference in this paragraph to non-competition and, if it there had been and a non-compete clause be found to exist, a "blue pencil" would still have to be applied to the ambiguous geographical limitation. *See Kegel*, 297 S.W.3d at 913.

Paragraph 2 as a non-compete clause. That Appellant decided after filing the complaint that the paragraph was more than a non-solicitation clause, or even if it always "intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms." *3D Enterprises*, 174 S.W.3d at 448 (quoting *Cantrell*, 94 S.W.3d at 385).

For the foregoing reasons, we conclude there were no genuine issues of material facts regarding the interpretation of Paragraph 2 and that Appellee was entitled to judgment as a matter of law regarding the count of the amended complaint seeking to enforce that paragraph as a non-compete clause.

## CONCLUSION

The Amended Partial Summary Judgment entered by the Madison Circuit Court on August 3, 2021, is AFFIRMED.

ALL CONCUR.


| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Whitney Dunlap III<br>Versailles, Kentucky | Allison C. Cooke<br>Richard G. Griffith<br>Elizabeth S. Muyskens<br>Lexington, Kentucky |